UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: **99-8169 CR - HURLEY**
18 U.S.C. §1956(h)

LINNEA JOHNSON

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SCOTT COLTON,

    Defendant.
_____/

## INFORMATION

The United States Attorney charges that:

From at least as early as July 6, 1998, until on or about July 7, 1998, at Palm Beach County, in the Southern District of Florida and elsewhere, the defendant,

Scott Colton,

did knowingly combine, conspire, confederate, agree and reach a tacit understanding with John Robert Hasson to money launder in violation of Title 18, United States Code, Section 1957, that is, to engage in monetary transactions, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from specified unlawful activity, that is, mail and wire fraud and interstate transportation of fraud funds, in violation of Title 18, United States

Code, Sections 1341, 1343, and 2314.

## OBJECT OF THE MONEY LAUNDERING SCHEME

It was the object of the money laundering conspiracy that the defendant and his co-conspirators would engage in monetary transactions in criminally derived property of a value greater than $10,000, such property having been derived from mail and wire fraud and interstate transportation of fraud funds.

## MONEY LAUNDERING OVERT ACTS

In furtherance of the money laundering conspiracy and to effect its aims and objects, there was committed by one or more of the co-conspirators, at Palm Beach County, in the Southern District of Florida and elsewhere, at least one of the following overt acts:

1. On or about July 6, 1998, defendant Scott Colton caused to be transferred approximately $20,000,000 to the Solomon Smith Barney account entitled "Heloneti Galera trustee for the benefit of the Peter Westbrook Trust" from the Solomon Smith Barney account entitled "Scott M. Colton trustee for the benefit of the Joseph C. Stein Trust."

2. On or about July 7, 1998, defendant Scott Colton caused to be transferred approximately $3,700,000 to the Scott Colton trustee for the Scott Colton trust account at Solomon Smith Barney from the Solomon Smith Barney account entitled Scott M. Colton trustee for the benefit of the Joseph C. Stein Trust.

3. On or about July 7, 1998, defendant Scott Colton caused to be transferred approximately $2,300,000 to the John Farina trustee for the John Farina trust account

2

at Solomon Smith Barney from the Solomon Smith Barney account entitled Scott M. Colton trustee for the benefit of the Joseph C. Stein Trust.

All in violation of Title 18, United States Code, Section 1956(h).

## FORFEITURE

As a result of the foregoing offense alleged in this information, the defendant SCOTT M. COLTON shall forfeit to the United States any and all property, real and personal, involved in the aforestated offense and all property traceable to such property, including but not limited to the following:

1.  $1,145,003.77 in U.S. currency from Smith Barney Account No. 4252268018 in the name of Scott M. Colton Trustee FBO S. Colton Trust

2.  The contents of Smith Barney Account No. 4252268018 in the name of Scott M. Colton Trustee FBO S. Colton Trust, including but not limited to, all funds, securities, bonds, and other instruments, including accrued interest.

3.  $250,000.00 from Mellon United National Bank, Account No. 003-603830-5 in the name of Bierman, Shohat, Loewy and Klein PA, Attorneys At Law.

If any of the above-described forfeitable property described in the forfeiture sections of this Indictment, as a result of any act or omission of the defendant SCOTT M. COLTON

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third person:

    (c)    has been placed beyond the jurisdiction of the Court;

    (d)    has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty; it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property pursuant to Title 18, United States Code, Section 982.

*[signature]*
THOMAS E. SCOTT
UNITED STATES ATTORNEY

*[signature]*
NEIL KARADBIL
ASSISTANT UNITED STATES ATTORNEY

*[signature]*
JAMES HOPKINS
ASSISTANT UNITED STATES ATTORNEY

4

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
## PENALTY SHEET

**99-8169**
**CR - HURLEY**
**MAGISTRATE JUDGE JOHNSON**

Defendant's Name: SCOTT COLTON   No.: _____

Count #: 1

18 USC § 1956; conspiracy to money launder

*Max. Penalty: 10 Years Imprisonment; $52,000,000 Fine

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:
Count #:

*Max. Penalty:
Count #:

*Max. Penalty:
Count #:

*Max. Penalty:

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

REV. 12/12/96

SCOTT COLTON

---
DEFENDANT

$300,000 Personal surety bond is recommended as to defendant.

*James Hopkins*
JAMES HOPKINS
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 99-8169 |
| v. | CERTIFICATE OF TRIAL ATTORNEY CR-RILEY |
| SCOTT COLTON | Superseding Case Information: MAGISTRATE JUDGE JOHNSON |

**Court Division**: (Select One)

New Defendant(s) Yes ___ No ___
Number of New Defendants ___
Total number of counts ___

___ Miami   ___ Key West
___ FTL   _X_ WPB   ___ FTP

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)   ___NO___
   List language and/or dialect ___

4. This case will take _1_ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)   (Check only one)

   | | | | | |
   |---|---|---|---|---|
   | I | 0 to 5 days | _X_ | Petty | ___ |
   | II | 6 to 10 days | ___ | Minor | ___ |
   | III | 11 to 20 days | ___ | Misdem. | ___ |
   | IV | 21 to 60 days | ___ | Felony | _X_ |
   | V | 61 days and over | | | |

6. Has this case been previously filed in this District Court? (Yes or No) YES
   If yes:
   Judge: KING   Case No. 99-8063-CR-KING(s)
   (Attach copy of dispositive order)

   Has a complaint been filed in this matter? (Yes or No) N/A
   If yes:
   Magistrate Case No. FBI CASE, MAGISTRATE JUDGE VITUNAC IS RECUSED
   Related Miscellaneous numbers: N/A
   Defendant(s) in federal custody as of N/A
   Defendant(s) in state custody as of N/A
   Rule 20 from the N/A   District of ___

   Is this a potential death penalty case? (Yes or No) No

7. Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? _X_ Yes ___ No   If yes, was it pending in the Central Region? ___ Yes _X_ No

JAMES HOPKINS
ASSISTANT UNITED STATES ATTORNEY
Admin. No. A5500125

*Penalty Sheet(s) attached

REV.3/19/99